The next case, number 22-1116, United States v. Wesley Portell-Marquez. Attorney Suero, please go ahead and introduce yourself on the record to begin. Good morning, may it please the court. My name is attorney Hector Suero Alvarez on behalf of Here the court sentenced Mr. Cortez to a statutory maximum sentence of 24 months. That was a 10-month upward variance from his guideline sentencing range of 8 to 14 months. And the court explicitly based its sentence exclusively on a state court complaint that was never part of the record and was not translated. That is a clear Jones Act violation that merits revocation of the sentence and reversing for the district court to impose it within the guideline sentence. And because Mr. Portell has discharged a sentence, any time that he served in excess of those 14 months or whatever the court imposes on remand should be credited towards any time on supervised release. Why do you say that the court looked at the state court complaint? Because the motion notifying violations of the supervisory terms says the complaint states that he pushed her with both hands in force and subsequently punched her in the mouth. Don't we assume the judge read that? If he read that, why would you assume he looked at the state court complaint? Because the court never incorporated a probation motion. It simply stated as the state court reflect. And it did so at the first hearing and then also at the second hearing on revocation. Didn't what I just read tell him that that's what the state court documents reflect? Well, the fact it does state that those are what the documents reflect, but that is all that it says. It's not, as this court has explained, that is double hearsay that by itself is insufficient because it's unreliable. It says that we presume the court read it and when the hearing was held, he admitted. Well, Mr. Portel never admitted to the specific facts constituting the offense. Mr. Portel simply accepted that he had committed a violation and he immediately asked the court to apply the Colón-Maldonado framework, which is a legal question based on facts. So he just limited his admissions to violating the conditions, but he never accepted that he committed the I think combining two things here that are entirely different, if I'm understanding correctly. One is, did the judge look at a state court document and violate the Jones Act? And my question on that was simply, given that everything the judge said was in the motion notifying the violations, which the judge presumably read, why would we speculate that he looked at another document? That's question one. I think your other point is that, throw out that point, let's assume he read, the judge read just the motion, didn't look at the state court complaint. The motion only states that the complaint court states, it doesn't say he did. And so you're trying to say we should read his admission narrowly to saying, sure, I said I did X, but I never admitted doing X. That is correct, Your Honor. I think the first question we have to take the court at face value, it simply repeated in both hearings, it said that as the state court documents reflect. So it was directly reflecting, directly referring to the state court documents that were never part of the record. And the second proposition is correct as if the court was simply reflecting or repeating what was in the formation's motion, that was never conceded, and it's simply double hearsay that is insufficient by itself to justify or explain the sentence. Well, the double hearsay problem goes away if your client admits it. Well, we can have hearsay in the sentencing procedure. Correct. Hearsay is available as sufficiently reliable. So the real question is how do we read, how broadly do we read your client's admission? Exactly. And I think the only way to read it is in the context of the record. As soon as we explain that we were accepting violation, by inviting or asking, requesting the court that it apply the Colón-Maldonado framework, we were putting a notice to court that this was a need to explain that issue. I know the case law. So on that point, from that moment on, and then repeatedly through the record, for example, at the end of the revocation hearing, we again invoked Colón-Maldonado and asked the court to explain that the Colón-Maldonado framework had not been met, the court had not applied. On appeal, we again argued that we had limited the admissions and the issue was that the court explicitly said that it had relied on the state court records by stating as the state court documents reflect. The government didn't challenge that statement. It simply asked for a remand. And I think that by asking for a remand instead of arguing for affirmance on any basis, the government was recognizing that there was a problem with the facts of the case. And this court's remand was also citing to Reyes-Rivas, which is a case where the government again wanted to expand the record on remand. And this court said, limited the record or any arguments to whatever had happened at the first hearing. So again, everybody was on notice that there was a factual issue in this case that our admission was limited to the violations, but we never admitted the specific facts underlying the offense. Those were only alleged in probation's motions. And the court, that simply wasn't sufficient to impose the sentence. Because the court, by stating that it relied on those documents, it was, those documents were never part of the record. They were translated and those a violation of the Jones Act. If the court doesn't have any other questions, I would save my time. Why didn't someone say to the trial court judge, look, we're admitting that it was alleged that we did this, but we're not admitting that we did it. Why didn't he ever just say that? I, defense counsel never said that, but that was exactly the, that was the only way to interpret what happened in the sentencing hearing. By invoking the Colón-Maldonado framework, that the defense counsel was explicitly stating that there was a factual issue here. It was the fact that the Colón-Maldonado framework is a legal question. It's based on facts. The court would have had to look at, determine whether the statute was a crime of violence. And if it wasn't, then go into the, whether it was divisible. And then the government had the burden of proving if it was divisible, committing the facts that meet all those elements that make it a crime of violence. So what we were arguing that it was a grade B, invoking the Colón-Maldonado framework, and that's exactly what we were doing. The entire context reveals that we were challenging the underlying facts. And what degree of force was required for that? Well, we argued, by arguing a grade B, we were arguing that it was a categorically a crime of violence. That it was what? That it was not, it was a grade B violation because the statute is not a categorically a crime of violence. That's, that's why we were invoking a grade B. So what's the least amount of force that was required? The statute can be committed by, I think this court has recognized in Colón-Maldonado, can be committed by psychological force, by threats, nonviolent. It does not require any physical force in the explicit text of the statute. But on remand, the court classified it as a grade B violation. Correct. So what do you have left at this point, other than you think this sentence was unreasonable? Well, again, because it was procedurally unreasonable because the court committed the Jones Act violation of resentencing. It again stated that it was basing its sentence on the record, on this, on the facts as stated in the state court complaint. And then the government again conceded that that was the exclusive basis for the, for the court sentence. That's in English. The, the notice of, by the probation officer describing the state court complaint is in English. Why would we ever presume that the judge didn't read that and instead he put that aside and went and found the state court complaint? Because the allegations and probation's motions would be insufficient and, and the, we have to take the court's statement. They're not insufficient if you admitted it. And so what we're trying to figure out is, is there something specifically on the record the second time the case came before the judge that put the judge on notice that you were challenge, challenging the factual scenario outlined in the notice of violation? Yes, Your Honor. On remand, it was very clear that we were challenging. What did you say? Tell me what you, what the record says. I can, I can, I can notify the court of the specific, I can update the court of the specific pages, but it's very clear from the beginning that we are admitting just exclusively the violation that he, we committed the violation for sentencing purposes, but we're not committing the, admitting that he committed the underlying offense alleged in the state court. Yet to which the judge said, for sentencing purposes, this, this is sentencing. So that's what's so confusing about what was said by trial counsel. You said we're admitting the violations for sentencing purposes and the judge says, well, yeah, this is sentencing. It's, it's an imprecise use of the word sentencing, but we are there for the course to impose a sentence on revocation, I think was what the defense counsel was referring to. Thank you. Thank you. At this time, attorney Bornstein, please introduce himself on the record to begin. Judge Kayada, good morning and may it please the court, David Bornstein on behalf of the United States. The defendant's appeal is premised on two false premises. First, that the judge in sentencing him relied on untranslated Spanish language documents. And second, that when he admitted to the contents of the probation officer's motion, notifying the court of his violation conduct, he only admitted to a bare article 3.2 offense and none of the underlying facts set forth in that motion. The defendant must prove that both premises are correct in order to win on appeal, but any fair reading of the record shows that they're both false. Why does he need to prove the first premise? Why can't he prove just the second? You know, let's assume, let's assume he only looked at the probation notice of violation, never looked at state court documents, but the notice of violation simply says it was alleged in state court that he did X. And he says to the judge, I know this isn't that clear, he says to the judge, I admit that in state court they alleged I did X, but I haven't admitted to the underlying facts. Why wouldn't that be enough? The reason why is that would be a completely different claim of error. The defendant made a strategic choice in framing his claim of error as a Jones Act violation, and he did that precisely so that he could get away with his lack of preservation of this issue below. Had he straightforwardly argued what you just said, Judge Queada, it would be reviewed for his forfeiture. Had him need to prove plain error, but he simply hasn't done so. I thought he made both arguments. He made, so the argument that he makes is that there was a Jones Act violation, and as sort of a, I thought it was a two prong argument. Two prong, because he says, One prong was a little smaller than the other. Well, the second prong, Your Honor, is only raised as a prospective response to a harmless error argument that we might raise in our response brief. If you recall in his opening brief, he says, What was the harm here if the district court simply relied upon my admission to the probation officer's motion? And that's as a prospective response to that harmless error argument. He says, But by the way, I did not admit to all the contents of the motion, but that is false. I can turn to that immediately if you'd like. It's very clear that when the defendant said that he was not contesting the contents of that motion, he meant that he was admitting to the contents of that motion. And you can see that on appeal on page 8 of his opening brief. What words here matter? What precise admission did he utter that you are relying on to say that he actually admitted not just that the complaint alleged X, but that X is true? Yes. The admission is on page 26 of the appendix, and I'll quickly read it to you. He says, Your Honor, he, it's through counsel. He is not contesting the violations to the mandatory conditions one and two, which were that he must not commit another crime. In this case, Article 3.2 of Puerto Rico domestic violence law. This is docket entry 70, the motion followed by the probation officer. So, Your Honor, he is not contesting and he is waiving the hearing. I think it's plain from that language that he is admitting to the allegations set forth in docket 70, the probation officer's motion. And that is shown by the sentencing arguments he then made. For the defendant goes on to say on page 27 and 28, that based on the seriousness of those allegations, he's recommending for himself a high end sentence. That makes no sense unless he admitted to the actual facts underlying his violation. He also says that he's willing to undergo anger management treatment. Again, makes no sense unless he admitted to the violent conduct that was set forth in probation officer's motion. It's four key facts that he pushed his girlfriend, that he punched her in the face, that he broke her cell phone, and that she was pregnant with their child at the time. Moreover, when the government then repeated those four facts about the defendant's conduct and said that the mere fact that he is now admitting them does not change the fact that he did them. The defense was then given an opportunity to respond. And his response is on page 32. The defendant said that he still believed that his conduct only led to a grade B violation. But, and I quote, that's why we are asking for the higher end of the guidelines. It is clear from that that the defendant had factored into his guideline recommendation,  Finally, when the district court then set forth on page 60 of the appendix, it's, sorry, page 33, we're dealing with the first sentencing. On page 33 of the appendix, it's finding as to those four facts, it cites docket entry 70, the probation officer's motion. And the defendant did not object to that. And he didn't object to it very clearly for the reason that he had admitted to those facts. The defendant's present position that he had actually limited his admission to a bare violation of article 3.2 is a sort of post hoc argument that he came up with on appeal and has continued with ever since. But if you look at the unqualified admission that he made on page 26, if you look at his sentencing arguments where he admits that he needs anger management, where he admits that he, that he deserves a high end guideline sentence. And where in response to the government's arguments about how he committed those four facts, he says, yes, that's why I'm requesting a high end sentence. It is absolutely clear that he admitted to all of the conduct. Now, Judge Keada, you have raised an argument that the defendant did not. And the argument is, isn't it possible that when he admitted to the contents of the motion, he was simply admitting to the idea that the state court complaint said that he committed those acts, not that he actually admitted it. But that is an argument that he doesn't make on appeal. I, again, direct you to page 8 of his brief where he admits to committing what happened, sorry, that he says that when he didn't contest what was in the motion, he admitted to its contents. And as the district court judge said at the second sentencing, which is where he raised that argument for the first and only time, it is completely contradictory. Because if he was simply saying that he had been charged with this conduct but didn't commit it, then he never should have been revoked in the first place. And thus, his admission to it and then waiver of the hearing at the guilt phase of the revocation proceeding would have made no sense. And so, it is clear that when he did not contest those allegations, he was admitting to them and that finally admitting that he had actually committed them. And so, to switch back quickly to the Jones Act claim of error, which is the primary one he raises, I think it should be very clear from everything I just said that the court's findings of fact were based upon the defendant's admissions to the probation officer's motion at Docket Entry 70 and not on any untranslated Spanish language document. There is no such document in the record. There's no direct evidence of any such document. And the defendant admits that in footnote 2 of page 25 of his opening brief. Nor is there any indirect evidence of such a document because when all of the facts that the district court lied on in sentencing the defendant to repeat, all of them are set forth in the probation officer's motion and you can find them on page 18 of the appendix. Now, the defendant hangs his hat completely on a single mention of state court documents by the district court that occurs on page 71. But the court cites the state court documents for the same four facts that we've been talking about here. Those same four facts appear, as I said, in the probation officer's motion and the probation officer's English language motion uncontested cite state court documents as the source of those facts. To further prove that the court was simply relying upon the probation officer's motion instead of some untranslated document, the court three times previously in saying that it was finding the defendant that he had committed new conduct. It said that he had committed that conduct as indicated in the probation officer's motion in docket entry 70. The court says that on page 33 of the appendix, on page 60 of the appendix, on page 70 of the appendix. And later, at the second revocation hearing, when the defendant contests what is the record basis for finding that he had committed these facts, the district court says that's what's in the probation officer's motion, which he does not contest. And the court says that on page 76. When it pushed, the court returns to the probation officer's motion. So in the end, Your Honor, once it is clear that there is no Jones Act violation and when it is clear that the court was relying upon the defendant's admissions to the contents of the probation officer's motion, he no longer has a viable claim of error. He claims that his main claim of error is that his sentence was substantively unreasonable. But he predicates that entire claim of error on the idea that this court must excise and ignore all of the facts that the district court lied on about his underlying conduct, since he says it's based on a Jones Act violation. But now that that's shown to be not true, this claim of error has feet of clay and thus crumbles based upon a fair reading of the record. Finally, Your Honor, I want to comment on one question that was posed by the panel. Two questions, actually. One question that was posed by the panel was, did the defendant at the second revocation hearing ever make it clear to the court that he was going to limit his admission simply to a bare Article 3.2 violation and nothing else? I'd like to say by then, Your Honor, it was too late for him to limit the admission precisely because this court's judgment in the first appeal limited the parties to the facts already established in the record. It would simply be unfair for the defendant to then say, I want to narrow the facts in the record by retrospectively doing a post hoc limitation of my admission. That should not be allowed for it simply comes too late. And second, the defendant indicated that when the government moved the court for a remand in the first appeal, it was because we were silently acknowledging that there was some sort of factual insufficiency. That is not the case. I'd like to make it perfectly clear that we simply asked for a remand. The defendant says that we were seeking further factual development. That is not true. When the defendant asked the court to limit the remand to a closed remand, we did not object to that. And the reason why we asked for a remand was as actually this very panel said in Ismael Cruz Ramos last year, sometimes the simplest way of resolving a case is the best way. We saw that the court did not comply with the categorical approach analysis and we thought that the district court should conduct it in the first instance. Your Honor, we ask that you affirm the defendant's revocation sentence. Thank you. Thank you. Thank you, counsel. At this time, would attorney Suero-Alvarez please reintroduce himself on the record? He has a two minute rebuttal. Thank you, attorney. Hector Suero-Alvarez on behalf of appellant, Mr. Portel. I very quickly want to make two main points. First, the fact that we argued on mitigation that he was, well, that Mr. Portel was willing to participate in anger management and recognized, that is not an equivalent to an admission of the underlying facts. We clearly admitted that we committed a violation and the fact that they were considering returning as a couple, those are simply mitigating facts. It's not an admission to the underlying conduct. And second, the, we have always on appeal argued and that's why we preserve that issue that the record of the first hearing was insufficient. That we never conceded, we never admitted that the violation, the underlying conduct in the violation. We've challenged that throughout. And I do want to point out that when the government, when the court, that the only evidence we have is the court's explicit statement that it relied on the court documents. That is taking the court at face value. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.